atty notified re: service

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| FREE FLOW PACKAGING INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> STOROPACK, INC., <br> Serve: Commonwealth Legal Services <br> Registered Agent <br> 4701 Cox Road, Suite 301 <br> Glen Allen, VA 23060 <br><br> Defendant. | Civil Action No. 1:03cv1589 <br><br> **JURY TRIAL DEMANDED** |

### FIRST AMENDED COMPLAINT

Plaintiff, FREE FLOW PACKAGING INTERNATIONAL, INC. ("FFPI"), by and through its undersigned attorneys, alleges against Defendant Storopack, Inc. ("Storopack") as follows:

### THE PARTIES

1. FFPI is a Delaware corporation having a place of business at 1090 Mills Way, Redwood City, California, 94063.

2. Storopack, a subsidiary of Hevert Industries, Inc., is a Delaware corporation having a place of business at 4758 Devitt Drive, Cincinnati, Ohio, 45246. Storopack has a branch office located in Virginia Beach, Virginia.

### JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, Title 35 of the U.S. Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because Defendant resides in this district and because Storopack has committed acts of

EM\7155987.4
2503473-1



infringement and has a regular and established place of business in this district.

## INTRA-DISTRICT ASSIGNMENT

5. Venue is proper in the Norfolk Division pursuant to Local Rules of Practice, Rule 3(B)(1) because Storopack resides within the county of Virginia Beach City.

## THE PATENTS

6. On February 18, 2003, U.S. Patent No. 6,519,916 (the "'916 patent"), entitled "System and Method for Conveying Air-Filled Packing Cushions," was duly issued to inventor Kurt E. Brown. All rights, title and interest in the '916 patent were assigned to FFPI, which remains the sole owner of the '916 patent. A copy of the '916 patent is attached to the First Amended Complaint as Exhibit 1.

7. On June 24, 2003, U.S. Patent No. 6,582,800 (the "'800 patent"), entitled "Method for Making Pneumatically Filled Packing Cushions," was duly issued to inventors Gunter G. Fuss and Vladimir Yampolsky. All rights, title and interest in the '800 patent were assigned to FFPI, which remains the sole owner of the '800 patent. A copy of the '800 patent is attached to the First Amended Complaint as Exhibit 2.

8. On December 9, 2003, U.S. Patent No. 6,659,150 (the "'150 patent) entitled "Apparatus for Inflating and Sealing Air-Filled Packing Cushions" was duly issued to Andrew Perkins, Oliver M. Reyes, Philipp Borchard and Nicholas P. De Luca. All rights, title and interest in the '150 patent were assigned to FFPI, which remains the sole owner of the '150 patent. A copy of the '150 patent is attached to the First Amended Complaint as Exhibit 3.

9. On January 6, 2004, U.S. Patent No. 6,672,033 (the "'033 patent) entitled "Air-Filled Packing Cushion Delivery System" was duly issued to Kurt E. Brown. All rights, title and interest in the '033 patent were assigned to FFPI, which remains the sole owner of the '033 patent. A copy of the '033 patent is attached to the First Amended Complaint as Exhibit 4.

## COUNT ONE: Infringement of U.S. Patent No. 6,519,916

10. FFPI realleges the foregoing paragraphs.

11. Defendant has infringed and continues to infringe, has induced and continues to induce, and/or has committed and continues to commit acts of contributory

infringement of, one or more claims of the '916 patent.

12. Defendant's acts of patent infringement were and continue to be willful and deliberate.

13. As a result of Defendant's patent infringement, FFPI has suffered damages in an amount not yet determined, and will continue to suffer damages in the future.

14. Unless an injunction is issued enjoining Defendant and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from infringing the '916 patent, FFPI will be greatly and irreparably harmed.

### COUNT TWO: Infringement of U.S. Patent No. 6,582,800

15. FFPI realleges the foregoing paragraphs.

16. Defendant has infringed and continues to infringe, has induced and continues to induce, and/or has committed and continues to commit acts of contributory infringement of, one or more claims of the '800 patent.

17. Defendant's acts of patent infringement were and continue to be willful and deliberate.

18. As a result of Defendant's patent infringement, FFPI has suffered damages in an amount not yet determined, and will continue to suffer damages in the future.

19. Unless an injunction is issued enjoining Defendant and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from infringing the '800 patent, FFPI will be greatly and irreparably harmed.

### COUNT THREE: Infringement of U.S. Patent No. 6,659,150

20. FFPI realleges the foregoing paragraphs.

21. Defendant has infringed and continues to infringe, has induced and continues to induce, and/or has committed and continues to commit acts of contributory infringement of, one or more claims of the '150 patent.

22. Defendant's acts of patent infringement were and continue to be willful and deliberate.

23. As a result of Defendant's patent infringement, FFPI has suffered damages

EM\7155987.4
2503473-1


in an amount not yet determined, and will continue to suffer damages in the future.

24. Unless an injunction is issued enjoining Defendant and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from infringing the '150 patent, FFPI will be greatly and irreparably harmed.

### COUNT FOUR: Infringement of U.S. Patent No. 6,672,033

25. FFPI realleges the foregoing paragraphs.

26. Defendant has infringed and continues to infringe, has induced and continues to induce, and/or has committed and continues to commit acts of contributory infringement of, one or more claims of the '033 patent.

27. Defendant's acts of patent infringement were and continue to be willful and deliberate.

28. As a result of Defendant's patent infringement, FFPI has suffered damages in an amount not yet determined, and will continue to suffer damages in the future.

29. Unless an injunction is issued enjoining Defendant and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from infringing the '033 patent, FFPI will be greatly and irreparably harmed.

### PRAYER FOR RELIEF

WHEREFORE, FFPI prays for relief as follows:

a. A judgment that Defendant has infringed, induced others to infringe, and/or committed acts of contributory infringement with respect to the claims of U.S. Patent No. 6,519,916;

b. A judgment that Defendant has infringed, induced others to infringe, and/or committed acts of contributory infringement with respect to the claims of U.S. Patent No. 6,582,800;

c. A judgment that Defendant has infringed, induced others to infringe, and/or committed acts of contributory infringement with respect to the claims of U.S. Patent No. 6,659,150;

d. A judgment that Defendant has infringed, induced others to infringe, and/or

-4-

committed acts of contributory infringement with respect to the claims of U.S. Patent No. 6,672,033;

  e. A judgment that Defendant's patent infringement has been, and continues to be, willful and deliberate;

  f. An order permanently enjoining Defendant, its subsidiaries, officers, agents, servants, employees, licensees and all other persons acting or attempting to act in active concert or participation with Defendant or acting on its behalf, from further infringement, inducement of infringement, or contributory infringement of U.S. Patent No. 6,519,916;

  g. An order permanently enjoining Defendant, its subsidiaries, officers, agents, servants, employees, licensees and all other persons acting or attempting to act in active concert or participation with Defendant or acting on its behalf, from further infringement, inducement of infringement, or contributory infringement of U.S. Patent No. 6,582,800;

  h. An order permanently enjoining Defendant, its subsidiaries, officers, agents, servants, employees, licensees and all other persons acting or attempting to act in active concert or participation with Defendant or acting on its behalf, from further infringement, inducement of infringement, or contributory infringement of U.S. Patent No. 6,659,150;

  i. An order permanently enjoining Defendant, its subsidiaries, officers, agents, servants, employees, licensees and all other persons acting or attempting to act in active concert or participation with Defendant or acting on its behalf, from further infringement, inducement of infringement, or contributory infringement of U.S. Patent No. 6,672,033;

  j. An order directing Defendant to account for and pay to FFPI all damages caused to FFPI by reason of Defendant's patent infringement, pursuant to 35 U.S.C. § 284, including increased damages under 35 U.S.C. § 284;

  k. An order directing Defendant to pay FFPI's costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285;

  l. An award of pre-judgment and post-judgment interest on the damages caused to FFPI by Defendant's patent infringement; and

  m. That this Court award such other and further relief as deemed just and

EM\7155987.4
2503473-1

proper under the circumstances.

## DEMAND FOR JURY TRIAL

FFPI requests a trial by jury.

Dated: January 1✓, 2004

CHRISTIAN &BARTON, LLP
Michael W. Smith (Virginia Bar No. 01125)
Craig T. Merritt (Virginia Bar No. 20281)
R. Braxton Hill, IV (Virginia Bar No. 41539)
909 East Main Street, Suite 1200
Richmond, VA 23219
(804) 697-4100
(804) 697-4112 FAX

OF COUNSEL
Mark Fowler
Alan Limbach
M. Elizabeth Day
GRAY CARY WARE & FREIDENRICH LLP
2000 University Avenue
East Palo Alto, CA 94303-2248
(650) 833-2000
(650) 833-2001 FAX

-6-

## Certificate of Service

I certify that a true copy of the foregoing First Amended Complaint was served this 12th day of January, 2004 by hand delivery on:

>Storopack, Inc.
>Serve: Commonwealth Legal Services, Registered Agent
>4701 Cox Road, Suite 301
>Glen Allen, Virginia 23060

_____
Counsel

661038

EM\7155987.4
2503473-1