UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Free Flow Packing International, Inc.,

    Plaintiff,

    v.                                    Case No. 1:04cv268

Storopack, Inc., *et al*,                    Judge Michael R. Barrett

    Defendants.

**ORDER**

This matter is before the Court upon Plaintiff Free Flow Packing International Inc.'s ("Free Flow") Motion to Dismiss First Amended Complaint and Related Counterclaims and Motion to Stay all Proceedings Pending Resolution of Subject Matter Jurisdiction Issue. (Doc. 133) Defendants Storopack Inc. and Ideepak, B.V. ("Defendants") have filed a Memorandum in Opposition (Doc. 136), and Free Flow has filed a Reply (Doc. 137).

Free Flow seeks to dismiss its claims for patent infringement, as well as Defendants' counterclaims against Free Flow for a declaration of non-infringement, patent invalidity, and inequitable conduct.  Attached to Free Flow's Motion are a declaration and covenant by its representatives stating that Defendants have no past, present, or future liability to Free Flow for infringement of the patents at issue in this litigation. (Doc. 133, Exs. A, B) Free Flow maintains that under the caselaw of the Federal Circuit, such a statement ends any case or controversy existing between Free Flow and Defendants with respect to Defendants' counterclaims for declaratory relief.

Free Flow argues further that upon dismissal, this Court does not retain jurisdiction

to entertain Defendants' anticipated motion for attorney fees under 35 U.S.C. §285.[1] In the alternative, Free Flow argues that even if the Court does retain jurisdiction, resolution of that issue does not require or permit additional discovery. Free Flow asks this Court to stay discovery until the resolution of the jurisdiction issue.

Defendants respond that they agree that Free Flow's Amended Complaint should be dismissed and Free Flow's filing of a covenant not to sue ends this Court's jurisdiction over the counterclaims. However, Defendants do not agree that this Court does not retain jurisdiction over a motion under section 285.

In its Reply, Free Flow seems to concede that this Court does retain jurisdiction over the attorney fees issue. Free Flow only argues in a footnote that Defendants' consent to its Motion to Dismissal is akin to a defendant who consents to a dismissal, thereby waiving its right to seek fees under section 285. Free Flow urges this Court to refuse to permit a "separate, stand-alone proceeding" to determine the fees issue.

The Court finds that Free Flow's dismissal of its claims divests this Court of jurisdiction over Defendants' counterclaims. *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed.Cir. 1995) ("a patentee defending against an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer with respect to any of its past, present, or future acts . . ."). Accordingly, Free Flow's Motion to Dismiss Amended Complaint and Related Counterclaims (Doc. 133) is hereby **GRANTED**.

In regards to the issue of jurisdiction over any motion Defendants may file under 35

---

[1] The statute provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. §285.

U.S.C. §285, the Court finds that it does retain jurisdiction.  *See W. L. Gore & Associates, Inc. v. Oak Materials Group, Inc.*, 424 F.Supp. 700, 702 (D. Del. 1976) (holding that the court may retain jurisdiction for the purpose of awarding attorneys' fees under section 285).  However, without the motion before it, the Court cannot rule upon or comment upon the merits of the motion, or the propriety of filing such a motion.  Further, the Court cannot address Free Flow's concerns regarding additional discovery until such requests have been made.

    **IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                          Michael R. Barrett, Judge
                                          United States District Court